IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Maurice Juggins,<br>    Petitioner,<br><br>v.<br><br>Daniel A. Braxton<br>    Respondent. | 1:11cv513 (TSE/TCB) |

## MEMORANDUM OPINION

Maurice Juggins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a jury trial in the Circuit Court for Fairfax County, Virginia. On August 12, 2011, respondent filed a Motion to Dismiss and supporting brief. Respondent gave petitioner the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). For the reasons that follow, respondent's Motion will be granted, and the petition will be dismissed as time-barred.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for Fairfax County entered on December 8, 2006. R. No. 05-0001402. Petitioner was found guilty following a jury trial of abduction, rape, sodomy, and use of a firearm in the commission of a felony. Id. Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied the petition on October 30, 2007. R. No. 0309-07-4. On March 21, 2008, the Virginia Supreme Court refused petitioner's petition for further appeal. R. No. 072444.

On January 19, 2010, petitioner filed a state petition for a writ of habeas corpus in the

Circuit Court of Fairfax County raising the following claims:

> (1) The Chief Magistrate of Fairfax County and Daniel Bibeault violated the Fourth, Fifth, and Fifteenth Amendments when they illegally authorized and executed the taking of a buccal swab specimen.
>
> (2) The selection of the jury was constitutionally defective in violation of the Fifth and Sixth Amendments.
>
> (3) The Fairfax County Circuit Court had no jurisdiction to preside over any legal proceedings making the judgment against the petitioner defective and in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments.
>
> (4) The Commonwealth Attorney was constitutionally defective in violation of the Fifth Amendment because of his wasteful use of government funds in a malicious prosecution.
>
> (5) Petitioner's attorneys failed to obtain appropriate experts to develop an adequate defense for petitioner and failed to cross-examine prosecution witnesses properly in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments.

On August 2, 2010, the petition was dismissed as time-barred pursuant to Va. Code § 8.01-654(A)(2). R. No. CL2010-6461. Petitioner appealed the Circuit Court's dismissal of his habeas petition to the Supreme Court of Virginia. In his appeal, petitioner raised the same five claims presented in the Circuit Court and the additional claim that the Circuit Court erred in dismissing his petition as untimely because Va. Code 8.01-654(A)(2) violated the Ex Post Facto Clause. On March 24, 2011, the Supreme Court of Virginia denied the petition, finding the appeal failed to comply with Rule 5:17(c)(1)(iii) because the petitioner did not list the specific errors in the lower court proceedings upon which he intended to rely. R. No. 101893. Additionally, in regards to petitioner's ex post facto claim, the Virginia Supreme Court found no

reversible error. Id.

On or around April 25, 2011, petitioner filed the instant federal petition,[1] raising claims identical to those he raised in the Virginia Supreme Court when he appealed the Fairfax County Circuit Court's dismissal of his habeas petition. Petitioner also raised an additional claim, alleging that the Virginia Supreme Court erred when it failed to recognize that Rule 5:17(c)(1)(iii) is not "retroactive and can not [sic] be applied ex post facto . . . ." Petitioner further states that "the Virginia Supreme Court and appeal counsel are constitutionally defective through the Fourth, Fifth, Sixth, and Fourteenth Amendments."

## II. Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, petitioner was sentenced on December 8, 2006. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on October 30, 2007. Petitioner then appealed to the Supreme Court of Virginia, which refused his appeal on March 21, 2008. Therefore, petitioner's conviction became final on June 19, 2008, the last date

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, it is unclear when petitioner delivered the petition to prison officials; however, a letter included with the instant petition is dated April 25, 2011. See ECF No. 1. Therefore, in this case, the petition will be deemed filed on April 25, 2011, for purposes of calculating the statute of limitations.

3

he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

In calculating the one-year limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first postconviction proceeding until January 19, 2010, when he filed a petition for a writ of habeas corpus in the Fairfax County Circuit Court. By then, approximately nineteen (19) months had elapsed since petitioner's conviction became final, so the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Petitioner has advanced no argument demonstrating that the statute of limitations does not apply or that he is otherwise entitled to equitable tolling. Therefore, this petition is time-barred from federal consideration, and must be dismissed.

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

### III. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 28th day of December 2011.

/s/
T. S. Ellis, III
United States District Judge